O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH JONES, | ) Case No. 2:21-cv-07160-CAS-SP |
| Petitioner, | ) |
| v. | ) **MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| B. CATES, Warden, | ) |
| Respondent. | ) |

## I.
## INTRODUCTION

On September 3, 2021, petitioner William Joseph Jones filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges the great bodily injury sentencing enhancement he received on his 1989 conviction for first degree robbery and attempted murder. Petitioner argues he is entitled to be resentenced under a change in California state law that became effective on January 1, 2019.

On October 7, 2021, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction Due to Failure to State Cognizable Claim ("OSC"). The Court explained that petitioner's claims were ones of state

sentencing law error, which are not cognizable on federal habeas review. Petitioner filed a response to the OSC on November 10, 2021.

For the reasons discussed below, petitioner's claims are not cognizable on federal habeas review. The Court consequently dismisses the Petition with prejudice.

## II.
## BACKGROUND

On June 23, 1989, a jury convicted petitioner of first degree robbery and first degree attempted murder, with an enhancement for infliction of great bodily injury. Pet. at 2, 48-49.[1] The trial court sentenced him to life in prison with the possibility of parole plus three years for the great bodily injury enhancement. Pet. at 2, 10.

Petitioner's convictions were affirmed on appeal by the California Court of Appeal in 1991, and the California Supreme Court denied his petition for review the same year.[2] A number of unsuccessful habeas petitions in the state courts followed, including his most recent state habeas petitions, which are referenced in the instant federal Petition. Those most recent state petitions raised the same claim raised in the instant Petition, and were denied by the California Court of Appeal (in case no. B307170) on August 28, 2020, and by the California Supreme Court (in case no. S264681) on November 10, 2020. Pet. at 3, 31-37.[3]

//
//

---

[1] Citations to pages in the Petition and OSC Response are to the electronic page numbers supplied by the CM/ECF system.

[2] *See* Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov/, case nos. B046452 (Cal. Ct. App.), S022410 (Cal. S. Ct.). The Court takes judicial notice of the state appellate docket. *See* Fed. R. Evid. 201(b).

[3] Petitioner indicates in the Petition that this was his direct appeal, but it was not, and the denial dates he reports are also incorrect. *See* Pet. at 3-4, 31-37.

## III.
## DISCUSSION

Federal habeas relief is only available for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). "[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); *see also Mosby v. Solis*, 243 Fed. Appx. 246, 248 (9th Cir. 2007) (declining to review claim because it was a disagreement with the California Supreme Court's interpretation of state law).

Petitioner argues his sentence is unlawful under California Senate Bills 620 and 1393. Pet. at 12-19. Because the applicability of Senate Bills 620 and 1393 to petitioner's case is purely a matter of state sentencing law, absent fundamental unfairness, the issue is not cognizable on federal habeas review. *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (holding trial court's alleged abuse of discretion in applying state sentencing law cannot form the basis for federal habeas relief); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (petitioner's claim that his sentence violated California Penal Code § 654 was not cognizable on federal habeas review). To the extent petitioner additionally claims he should be released under the California Code of Regulations due to his exceptional conduct in prison (*see* Pet. at 21), that is likewise a matter of state law and state prison administration, and not a matter for this federal court.

Though petitioner correctly notes that errors of state sentencing law may be cognizable on federal habeas review if the errors implicate fundamental fairness (OSC Response at 4-5), he fails to show fundamental fairness was implicated in his case. Petitioner argues his continued incarceration violates his Fifth, Sixth, and Fourteenth Amendment rights under the U.S. Constitution (OSC Response at 2) and states it is clear

in this case his federal due process rights were denied by the trial court and Court of Appeal (OSC Response at 5).  But nowhere does petitioner explain how the alleged errors of state sentencing law violated his rights under the U.S. Constitution by implicating fundamental unfairness.  Petitioner's conclusory statements that his federal constitutional rights were violated are insufficient to show these issues of state sentencing law are cognizable on federal habeas review.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

Dated: <u>February 23, 2024</u>

*Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE